### HOTCHKISH v. TUTTLE.

In a prosecution upon the statute, for damage done in the night season, the facts and the defendant must be directly charged in the complaint.

ERROR to reverse a judgment of a justice in a prosecution, *qui tam*, upon the statute against unseasonable night walking, brought by Tuttle against Hotchkish; complaining, that in the night season of the night next after the 30th of August last, he had fifty watermelons taken from him; and that he had good reason to suspect that Ambrose Hotchkish was the person who did said damage, etc. praying process against him. To which complaint the defendant appeared and plead not guilty. The justice found him guilty and gave judgment against him, for £1 16s. damages, and that he should pay a fine of ten shillings lawful money.

Error assigned — That said complaint was insufficient.

Judgment — Manifest error. See the case of Tracy v. Larabee, adjudged at New London, March Term, A. D. 1791, and affirmed in the Supreme Court of Errors.

### PORTER ET AL. v. WARNER.

In an action of ejectment for land and damages, both must be demanded in the writ.

ACTION of ejectment, that to the plaintiffs the defendant render the seisin and possession of a certain tract of land, of which the plaintiffs' ancestor was seized, in June, A. D. 1789, and of which the defendant disseized him, and ever since hath continued to disseize and hold the plaintiffs out therefrom, to their damage £40 lawful money, for recovery whereof and for cost they bring this suit.

Plea — Not guilty. Issue to the jury; who found the defendant guilty, and for the plaintiffs to recover the surrendery of the seisin and possession of the land demanded, with £ lawful money damages and cost.

Motion in arrest — That the plaintiffs' declaration was insufficient; because no demand was made of the land in the plaintiffs' writ; without which the court cannot give judgment for the land.

Judgment — That the motion in arrest is sufficient, but no cost allowed.